Stephanie Sheridan (SBN 135910)
sheridans@ballardspahr.com
**BALLARD SPAHR LLP**
One Front St., Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770
Facsimile: 424.731.8301

Brianna R. Howard (SBN 314642)
howardbr@ballardspahr.com
Rebecca Krikorian Clary (SBN 334882)
claryr@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350

Alexia C. Chapman (CA SBN Pending)
chapmana@ballardspahr.com
**BALLARD SPAHR LLP**
One Front Street, Suite 2600
San Francisco, CA 94111-5401
Telephone: 415.462.2011
Facsimile: 424.731.8301

*Attorneys for Defendant*
*Kontoor Brands, Inc.*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUSTINE ROBINSON, on behalf of herself and all others similarly situated,

Plaintiffs,

v.

KONTOOR BRANDS, INC., a North Carolina Corporation and DOES 1-100, inclusive,

Defendants.

Case No. 1:26-CV-8637

**DEFENDANT KONTOOR BRANDS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**

[Pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, 1446, and 1453]

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**TO PLAINTIFF AND THE HONORABLE COURT:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, and the Class Action Fairness Act of 2005 ("CAFA"), as amended in 28 U.S.C. § 1332(d), Defendant Kontoor Brands, Inc. ("Kontoor Brands") hereby removes this class action from the Superior Court of the County of Humboldt, California, Case No. CV2601442 (the "State Court Action"), to the United States District Court for the Northern District of California.

## INTRODUCTION

On July 1, 2026, Plaintiff Justine Robinson, a California resident, filed the State Court Action against Kontoor Brands, a North Carolina corporation with its principal place of business in Greensboro, North Carolina. As pertinent here, Plaintiff alleges that Kontoor Brands violated the federal Electronic Communications Privacy Act ("ECPA"), among other statutes, by using certain tracking technologies on https://wrangler.com (the "Website"), a website owned by Kontoor Brands. Plaintiff asserts claims on behalf of herself and a class comprised of no fewer than 1,001 "California residents who accessed the Website in California . . . one year prior to the filing date of th[e] Complaint," which, when multiplied by statutory damages of no less than $5,000 per class member, exceeds $5 million in alleged aggregate damages.

Kontoor Brands is entitled to—and, with this Notice, does—remove Plaintiff's State Court Action to this Court for two independent reasons. First, federal courts have original jurisdiction over cases involving federal questions, and here, Plaintiff's ECPA claim gives rise to a federal question. *See* 28 U.S.C. § 1331. And second, the CAFA gives federal courts original jurisdiction over class actions if the class size exceeds 100 persons, there is "minimal diversity," and the aggregate amount in controversy exceeds $5 million—all of which are satisfied here.

## GROUNDS FOR REMOVAL

Kontoor Brands is entitled to remove the State Court Action to this Court pursuant to 28 U.S.C. § 1331 and under CAFA.

### A. Removal Pursuant to 28 U.S.C. § 1331

This Court has original, federal-question jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 because at least one of Plaintiff's claims—namely, the

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq.*—arises under the Constitution, laws, or treaties of the United States. Although Plaintiff has also asserted state law claims in her complaint, they are so related to the ECPA claim that they form part of the same case or controversy under Article III of the United States Constitution and, thus, are subject to the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

**B. Removal Pursuant to CAFA**

CAFA's jurisdictional requirements are set forth at 28 U.S.C. § 1332(d). Cases that qualify under CAFA are properly removed pursuant to 28 U.S.C. § 1453, limited by certain exceptions that are not implicated here.

To remove to federal court under CAFA, a defendant must state facts that establish that: (a) the state court action was filed on behalf of a class that is comprised of at least 100 members; (b) "minimal diversity" exists, which requires only that any member of the class "is a citizen of a State different from any defendant"; and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

All requirements for CAFA removal are satisfied here:

**(1) Class of at Least 100 Members.** Plaintiff brings her claims on behalf of a class comprising of, at a minimum: "[a]ll California residents who accessed the Website in California and had their identifying information and website behavior data collected by the Trackers without consent and/or despite declining consent one year prior to the filing date of th[e] Complaint . . . ." (Ex. A, Compl. ¶ 110.) Plaintiff's legal theory is so broad that, taking her allegations as true, it would effectively encompass any California resident who visited the Website between July 1, 2026, and July 1, 2026. That number exceeds 1,001 individuals.

**(2) Minimal Diversity Exists.** Plaintiff is a California resident, and Kontoor Brands is a North Carolina corporation with its principal place of business in North Carolina. (*See* Ex. A, Compl. ¶¶ 6–7.)

**(3) The Amount in Controversy is Satisfied.** Plaintiff seeks statutory damages of no less than $5,000 per class member. (Ex. A, Compl. ¶¶ 5, 131.) Because Plaintiff's class, as

defined, includes more than 1,001 class members,[1] the amount in controversy as pleaded, exclusive of interest and costs, exceeds the $5 million threshold required for CAFA removal. *See* 28 U.S.C. §§ 1332(d)(2) & (6).

## **SATISFACTION OF OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL**

Kontoor Brands has also satisfied all the procedural requirements for removal:

**(1)** **Notice is Timely**. Kontoor Brands filed this Notice within thirty days of July 21, 2026, which is when Plaintiff first served Kontoor Brands a copy of the state court complaint. *See* 28 U.S.C. §§1446(b), 1453(b).

**(2)** **Venue is Proper**. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1441(a), because the United States District Court for the Northern District of California is the federal court embracing the Superior Court of the County of Humboldt, California, where Plaintiff originally filed the State Court Action.

**(3)** **Process, Pleadings and Orders.** True and complete copies of all process, pleadings, or orders served on Defendant in the State Court Action are attached hereto as Exhibit A. *See* 28 U.S.C § 1446(a). The entire docket of State Court Action at the time of removal consists of: the Summons, the Complaint, Civil Case Cover Sheet, Notice of Inclusion in DLR and Case Management Conference, and the Proof of Service of Summons. Kontoor Brands has not answered or otherwise responded to the Complaint. As of the date and time of the filing of this Notice, no hearings are scheduled in the State Court Action. A case management conference is currently scheduled for January 4, 2027.

Notice of this removal is being filed with the Superior Court of the County of Humboldt and served on Plaintiff's attorney(s) concurrently with this filing. *See* 28 U.S.C. § 1446(d).

//

[1] Given the breadth of the class defined in the Complaint, Plaintiff does not have a good-faith basis for claiming that the class would include fewer than 1,001 members. However, if challenged, Kontoor Brands reserves the right to offer evidence to establish the amount in controversy on all claims alleged in the Complaint. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**RESERVATION OF RIGHTS**

By filing this Notice, Kontoor Brands does not waive any claim, counterclaim, or defense that may be available to it, including, but not limited to, lack of personal jurisdiction, improper venue, and/or failure to state a claim upon which relief may be granted.

**CONCLUSION**

WHEREFORE, Kontoor Brands hereby removes the above-captioned action now pending in the Superior Court of the County of Humboldt, California, to the United States District Court for the Northern District of California and requests that this Court assume full jurisdiction over this action as provided by law.

DATED: August 19, 2026

**BALLARD SPAHR LLP**

/s/ *Brianna R. Howard*
Stephanie Sheridan
Brianna R. Howard
Rebecca Krikorian Clary
Alexia C. Chapman

*Attorneys for Defendant Kontoor Brands, Inc.*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is **BALLARD SPAHR LLP**, 2029 Century Park East, Suite 1400, Los Angeles, CA 90067-2915. On August 19, 2026, I served the within documents:

**DEFENDANT KONTOOR BRANDS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**

☐ **BY HAND:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☑ **BY MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☑ **BY E-MAIL**: by attaching an electronic copy of the document(s) listed above to the e-mail address listed below.

| | |
|---|---|
| Mark D. Potter, Esq.<br>James M. Treglio, Esq.<br>Isabel Rose Masanque, Esq.<br>Naomi Butler, Esq.<br>POTTER HANDY LLP<br>100 Pine St., Ste 1250<br>San Francisco, CA 94111<br>classactions@potterhandy.com | Attorney for Plaintiff and Proposed Class |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 19, 2026, at Los Angeles, California.

*/s/ Eric J. Garcia*
Eric J. Garcia